NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 20 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GAYANE MARTIROSYAN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 17-70919

Agency No. A206-267-383

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2019
San Francisco, California

Before: McKEOWN, W. FLETCHER, and MURGUIA, Circuit Judges.

Gayane Martirosyan petitions for review of the Board of Immigration

Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her

application for asylum, withholding of removal, and protection under the

Convention Against Torture. The BIA upheld the IJ's adverse credibility

determination based on what it found to be evasive and unresponsive testimony

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

regarding the organization bylaws and the photographs she submitted with her application, a supposed inconsistency in the record regarding the number of police officers present, and a failure to provide sufficient corroborating evidence. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand for further proceedings.

We review factual findings, including adverse credibility determinations and determinations regarding the availability of corroborating evidence, for substantial evidence. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014); *see* 8 U.S.C. § 1252(b)(4). We will uphold factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016) (quoting *Garcia*, 749 F.3d at 789). Because Martirosyan filed her application after May 11, 2005, we apply the credibility and corroboration standards set forth in the REAL ID Act.

*1. Adverse Credibility Determination*

When we review an "adverse credibility determination in which lack of corroboration is one of several stated grounds for the IJ or BIA's decision," we "separate out the non-corroboration grounds for the adverse credibility determination and evaluate whether the IJ and BIA's determination is supported by

substantial evidence" based on those non-corroboration grounds alone. *Bhattarai*, 835 F.3d at 1043.

We hold that the BIA's adverse credibility determination is not supported by substantial evidence, reverse the determination, and deem Martirosyan's testimony credible. *See Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011). First, substantial evidence does not support the agency's finding that Martirosyan was unresponsive and evasive regarding the photographs she submitted with her application and regarding her testimony about the organization bylaws. Martirosyan provided responsive, detailed, and consistent testimony throughout the two days of hearings, and the IJ's findings to the contrary lack a basis in the record. Second, substantial evidence does not support the agency's finding that Martirosyan's oral testimony that two police officers were present in the basement was inconsistent with her translated written declaration, which implied through use of the English word "another" that three officers were involved. Both her oral testimony and her written declaration support a consistent story that two officers were present. Martirosyan adequately explained any possible inconsistency, including by submitting, at the IJ's request, her original, Armenian-language declaration. Notably, the IJ rejected Martirosyan's explanation of a translation error without translating or otherwise addressing the declaration.

## 2. Corroborating Evidence

An applicant for asylum may establish her eligibility based on her credible testimony alone, without corroboration. 8 U.S.C. § 1158(b)(1)(B)(ii). In evaluating a claim, the agency must first determine whether the applicant's credible testimony alone is "sufficient to sustain" the applicant's burden of proof. *Id.*; *see Ren*, 648 F.3d at 1090–93. "In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(ii). Only after having determined that an applicant's "credible testimony along with other evidence of record" is insufficient to meet the applicant's burden of proof, can an IJ request that applicant provide additional corroborating evidence. *Id.*; *Ren*, 648 F.3d at 1090–93. If an IJ determines corroborating evidence is necessary, an applicant "must" provide the evidence "unless the applicant does not have the evidence or cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii); *Ren*, 648 F.3d at 1090–93.

Here, the IJ requested additional corroborating evidence. However, because Martirosyan's testimony, if credible, was sufficient to meet her burden of proof, compliance with the request was not necessary. The extensive evidence Martirosyan submitted with her initial application, including photographs, medical

4

records, five letters of support, and a country conditions report, compels the conclusion that she satisfied the burden of proof. Alternatively, the evidence requested by the IJ was reasonably unavailable and duplicative. *See Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010); *Sidhu v. INS*, 220 F.3d 1085, 1091 (9th Cir. 2000).

We grant Martirosyan's petition, hold that she was credible, and remand to the BIA to determine whether Martirosyan is eligible for asylum, withholding of removal, and protection under the Convention Against Torture. *See INS v. Ventura*, 537 U.S. 12 (2002) (per curiam).

**PETITION GRANTED AND REMANDED.**